Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: (718) 263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
ITALUBI SANCHEZ GOMEZ and RODOLFO ALMAZO-HERNANDEZ, individually and on behalf of all others similarly situated,

        Plaintiff,

  -against-

LUCKY 99 CENT SHOP INC. and XIAN CE ZHOU, as an individual,

        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **ITALUBI SANCHEZ GOMEZ and RODOLFO ALMAZO-HERNANDEZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ITALUBI SANCHEZ GOMEZ and RODOLFO ALMAZO-HERNANDEZ, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **LUCKY 99 CENT SHOP INC., and XIAN CE ZHOU, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at LUCKY 99 CENT SHOP INC., located at 985 Prospect Avenue, Bronx, New York 10459.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ITALUBI SANCHEZ GOMEZ residing at 23-21 Wallace Avenue, Bronx, New York 10467, was employed by Defendants at LUCKY 99 CENT SHOP INC. from in or around March 2012 until in or around November 2017.

9. Plaintiff RODOLFO ALMAZO-HERNANDEZ residing at 43-59 Furman Avenue, Bronx, New York 10466, was employed by Defendants at LUCKY 99 CENT SHOP INC. from in or around April 2008 until in or around April 2018.

10. Upon information and belief, Defendant, LUCKY 99 CENT SHOP INC., is a corporation organized under the laws of New York with a principal executive office at 985 Prospect Avenue, Bronx, New York 10459.

11. Upon information and belief, Defendant, LUCKY 99 CENT SHOP INC., is a corporation authorized to do business under the laws of New York.

12. Upon information and belief, Defendant XIAN CE ZHOU owns and/or operates LUCKY 99 CENT SHOP INC.

13. Upon information and belief, Defendant XIAN CE ZHOU is the Chairman of the Board of LUCKY 99 CENT SHOP INC.

14. Upon information and belief, Defendant XIAN CE ZHOU is the Chief Executive Officer of LUCKY 99 CENT SHOP INC.
15. Upon information and belief, Defendant XIAN CE ZHOU is an agent of LUCKY 99 CENT SHOP INC.
16. Upon information and belief, Defendant XIAN CE ZHOU has power over personnel decisions at LUCKY 99 CENT SHOP INC.
17. Upon information and belief, Defendant XIAN CE ZHOU has power over payroll decisions at LUCKY 99 CENT SHOP INC.
18. Defendant XIAN CE ZHOU has the power to hire and fire employees at LUCKY 99 CENT SHOP INC., establish and pay their wages, set their work schedule, and maintains their employment records.
19. During all relevant times herein, Defendant XIAN CE ZHOU was Plaintiff's employer within the meaning of the FLSA and NYLL.
20. On information and belief, LUCKY 99 CENT SHOP INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

21. Plaintiff ITALUBI SANCHEZ GOMEZ was employed by Defendants at LUCKY 99 CENT SHOP INC. from in or around March 2012 until in or around April 2017.
22. During Plaintiff ITALUBI SANCHEZ GOMEZ'S employment by Defendants at LUCKY 99 CENT SHOP INC., Plaintiff's primary duties were as a cashier, stocker and laborer and performing other miscellaneous duties from in or around March 2012 until in or around April 2017.
23. Plaintiff ITALUBI SANCHEZ GOMEZ was paid by Defendants approximately $430.00 per week from in our around January 2014 until in or around 2015,

approximately $480.00 per week in or around 2016, and approximately $500.00 per week in or around 2017.

24. Plaintiff ITALUBI SANCHEZ GOMEZ worked approximately fifty-five (55) or more hours per week at LUCKY 99 CENT SHOP INC. from in or around January 2014 until in or around April 2017.

25. Although Plaintiff ITALUBI SANCHEZ GOMEZ worked approximately fifty-five (55) or more per week during her employment by Defendants from in or around January 2014 until in or around April 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Plaintiff RODOLFO ALMAZO-HERNANDEZ was employed by Defendants at LUCKY 99 CENT SHOP INC. from in or around April 2008 until in or around April 2018.

27. During Plaintiff RODOLFO ALMAZO-HERNANDEZ'S employment by Defendants at LUCKY 99 CENT SHOP INC., Plaintiff's primary duties were as a stocker and laborer and performing other miscellaneous duties from in or around April 2008 until in or around April 2019.

28. Plaintiff RODOLFO ALMAZO-HERNANDEZ was paid by Defendants approximately $375.00 per week from in our around January 2014 until in or around December 2014, approximately $380.00 per week in or around 2015, approximately $390.00 per week in or around 2016, approximately $425.00 per week in or around 2017, and approximately $500.00 per week from in or around January 2018 until in or around April 2018.

29. Plaintiff RODOLFO ALMAZO-HERNANDEZ worked approximately fifty-five (55) or more hours per week at LUCKY 99 CENT SHOP INC. from in or around 2012 until in or around April 2017.

30. Although Plaintiff RODOLFO ALMAZO-HERNANDEZ worked approximately sixty-nine (69) or more per week during his employment by Defendants from in or around January 2014 until in or around April 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
32. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
33. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
35. Collective Class: All persons who are or have been employed by the Defendants as cashiers, stockers, laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
36. Upon information and belief, Defendants employed approximately 10 to 20 employees within the relevant time period who were subjected to similar payment structures.
37. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
38. Defendants' unlawful conduct has been widespread, repeated, and consistent.
39. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

40. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
41. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
42. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
43. The claims of Plaintiffs are typical of the claims of the putative class.
44. Plaintiffs and her counsel will fairly and adequately protect the interests of the putative class.
45. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

46. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
47. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
48. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
49. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
51. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
52. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

53. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
54. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
55. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.
56. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

57. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
58. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
59. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

60. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
61. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
62. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiffs prejudgment and post-judgment interest;
e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 16th day of January 2020.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: (718) 263-9591
Fax: (718) 263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ITALUBI SANCHEZ GOMEZ and RODOLFO ALMAZO-HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

LUCKY 99 CENT SHOP INC., and XIAN CE ZHOU, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**LUCKY 99 CENT SHOP INC.**
**985 PROSPECT AVENUE**
**BRONX, NEW YORK 10459**

**XIAN CE ZHOU**
**985 PROSPECT AVENUE**
**BRONX, NEW YORK 10459**