UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                   :

ITALUBI SANCHEZ GOMEZ and RODOLFO       :
ALMAZO-HERNANDEZ, individually and on behalf of  :
all other similarly situated,                        :

                             Plaintiffs,         :

                                                 :

                -v-                           :

LUCKY 99 CENT SHOP INC. and XIAN CE ZHOU,   :

                                        :

                            Defendants.     :

                                               :
----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2020

20-cv-0425 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      The parties in this matter have moved for approval of the settlement agreement in this

action.  Dkt. No. 29.  The case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C.

§ 201 *et seq.*, and the New York Labor Laws.  Under current Second Circuit law, any

settlement—including any proposed attorney's fee award—must be scrutinized by the Court to

ensure that it is fair.  *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *Cheeks*

*v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

      By January 6, 2021, Plaintiffs' counsel shall submit to the Court a letter explaining the

basis for the attorneys' fee award (with documentation to support the latter, if appropriate)

consistent with the principles set forth in *Fisher*.  It is not sufficient to state the proportion of the

requested attorneys' fee to the overall settlement amount.  Rather, the reasonableness of

attorneys' fees must be evaluated with reference to "adequate documentation supporting the

attorneys' fees and costs," which "should normally [include] contemporaneous time records

indicating, for each attorney, the date, the hours expended, and the nature of the work done."

*Fisher*, 948 F.3d at 600; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (LJL) (discussing the requirements for adequately justifying an attorney's fee). Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement approval hearing to take place on the same date and time as the previously scheduled status conference on January 8, 2021 at 10:30 a.m.  Plaintiffs shall appear at the hearing.  The parties are directed to dial (888) 251-2909 and use the access code 2123101.

SO ORDERED.

Dated: December 30, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge